IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE AGUIRRE, and,<br>FABIOLA GUERRERO<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BRUCE FORD, HECTOR ZAMUDIO,<br>THE CITY OF CHICAGO, a municipal<br>Corporation, KAT KLUB, an Illinois Corporation,<br>a/k/a KAT KAT CLUB AND KATHI J. NOONE,<br>JOHN DOE and other unknown owners of<br>KAT KLUB a/k/a KAT CLUB,<br>　　　　Defendants, | No. 07 C 6915<br><br>Judge Coar<br><br>Magistrate Judge Nolan |

**DEFENDANTS CITY OF CHICAGO AND BRUCE FORD'S RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFFS' STATE CLAIMS AS TIME-BARRED**

　　　　Defendants City of Chicago and Officer Bruce Ford, by and through their attorney, Mary McDonald, Assistant Corporation Counsel of the City of Chicago Department of Law, respectfully move to dismiss the state law claims set forth in Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) because these claims are time-barred by the applicable statute of limitations. In support of this motion, Defendant Officer Ford states the following:

　　1.　　Although the statute of limitations in an affirmative defense, dismissal pursuant to Rule 12(b)(6) is proper where a valid affirmative defense plainly obviates the need for litigation. *See* e.g. *Walker v Thompson*, 288 F. 3d 1005, 1009 (7th Cir. 2002) ("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the

district judge need not wait for an answer before dismissing the suit".) (citations omitted).

2. The relevant statute of limitations applicable to the state law claims brought by Plaintiffs against Defendant Officer Ford is contained in Illinois Tort Immunity Act at 745 Ill. Comp. Stat. Ann. §10/8-101, which states in pertinent part as follows: "No civil action…may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one-year from the date that the injury was received or the cause of action accrued." 745 ILL. COMP. STAT. ANN. 10/8-101 (West 2007).

3. On December 7, 2007, Plaintiffs' filed a complaint in this Court seeking relief against the City of Chicago and Officer Ford. (*See* Pls. Complt., D.E. No. 1).

4. The Complaint states that "on December 9, 2005, Plaintiffs, Jose Aguirre and Fabiola Guerrero, were patrons in the Kat Klub tavern, located at 6920 North Avenue in Chicago, Cook County, Illinois." (*See* Complt., ¶11)

5. In count two (II), Plaintiff Aguirre alleges a state law false arrest and false imprisonment claims against Defendant Ford, stating that Ford "caused Aguirre to be arrested without a warrant and without a probable cause" and "caused Aguirre to be falsely imprisoned under the laws of the State of Illinois." (*See* Complt., ¶31 (Jose Aguirre)).

6. In count three (III), Plaintiff Aguirre alleges a state law claim of malicious prosecution against Defendant Ford, stating that "at no time, was there probable cause to either arrest, imprison, or bring the Plaintiff to trial" and "at all times, Defendant Ford proceeded against Plaintiff maliciously, willfully, and wantonly,

intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the Plaintiff's rights." (*See* Complt., ¶34-36 (Jose Aguirre)).

7. In counts four through five, (IV-V), Plaintiffs Aguirre and Guerrero allege state law claims of assault and battery against Defendant Officer Ford. (*See* Complt., ¶39 (Jose Aguirre); ¶41 (Fabiola Guerrero)).

8. In count six (VI), Plaintiffs Aguirre and Guerrero allege state law Dram Shop Act claims against Defendant Kat Klub, and Kathi J. Noone, and/or John Noone other unknown owners of Kat Klub. (*See* Complt., ¶43 (Jose Aguirre and Fabiola Guerrero)).

## PLAINTIFF'S FALSE ARREST CLAIMS ARE TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

1. Under Illinois law, a false arrest claim, where the arrest is followed by criminal proceedings, accrues on the date the claimant becomes detained pursuant to legal process. *Hill v. City of Chicago*, No. 06 C 6772, 2007 WL 1424211, *3 (N.D.Ill.,2007)( J. Eve) (citing *Wallace v. Kato*, 127 S. Ct. 1091, 1100 (U.S. 2007)).

2. According to the Complaint, Plaintiff Aguirre was detained pursuant to the legal proceedings on December 9, 2005.  (*See* Complt. ¶¶11&23).

3. Plaintiff Aguirre did not bring his false arrest claim against Defendant Ford within the one-year statute of limitations set forth in Section 10/8-101 of the Illinois Tort Immunity Act, and therefore, his false arrest claim is time-barred.

## PLAINTIFF'S MALICOUS PROSECUTION CLAIMS ARE TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

1. Under Illinois law, a malicious prosecution claim accrues on the date the proceedings against the individual are terminated in their favor. See *Foryoh v Hannah-Porter*, 428 F. Supp. 2d 816, 824025 (N.D. Ill. 2006) (J. Fillip).

2. According to the Complaint, the criminal court entered an order dismissing criminal charges against the Plaintiff Aguirre on May 11, 2007. (See Complt. ¶24).

3. Plaintiff Aguirre did not bring his malicious prosecution claim against the Officer Ford within the one-year statute of limitations set forth in Section 10/8-101 of the Illinois Tort Immunity Act, and therefore, Plaintiff Aguirre's malicious prosecution claim is time-barred. *See Hannah-Porter*, 428 F. Supp. 2d at 824-25. (dismissing malicious prosecution claim as time-barred).

## PLAINTIFFS' ASSAULT AND BATTERY CLAIMS ARE TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

1. Under Illinois law, assault and battery claims accrue on the date the alleged assault and battery occurred. *See,* e.g., *Randle v City of Chicago*, No. 00 C 299, 2000 WL 1536070, *3 (N.D. Ill. Oct. 17) (J. Gottshall) (dismissing assault and battery claim as time-barred for having been filed over one-year after assault and battery took place). Here, assuming the facts set forth in the complaint are true, any assault or battery inflicted by any defendant upon any plaintiff occurred on December 9, 2005. (*See* Complt. ¶11).

2. Plaintiffs Aguirre and Guerrero did not file their lawsuit until December 7, 2007. (*See* Complt.)

3. Plaintiffs Aguirre and Guerrero did not bring their assault and battery claims against Officer Ford within the one-year statute of limitations set forth in Section 10/8-101 of the Illinois Tort Immunity Act and therefore, Plaintiffs claims are time-barred.

## PLAINTIFFS' DRAM SHOP CLAIMS ARE TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

1. Under Illinois law, the Dram Shop Act, 235 ILCS 5/6-21 only applies to "any person who is licensed under the laws of this State or of any other state to sell alcoholic liquor" or "any person at least 21 years of age who pays for a hotel or motel room or facility knowing that the room or facility is to be used by any person under 21 years of age for the unlawful consumption of alcoholic liquors" or "any person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein".

2. Defendant Officer Ford does not fall into any of these classes of persons and therefore, any Dram Shop Act claim against Defendant Officer Ford should be dismissed with prejudice.

3. Furthermore, under Illinois law, Dram Shop Act, 235 ILCS 5/6-21, actions are time-barred unless commenced within one-year after the cause of action accrued.

4. Plaintiffs Aguirre and Guerrero did not bring their Dram Shop Act claims against Defendants Kat Klub and Kathi J. Noone, John Doe, and other unknown owners of Kat Klub a/k/a Kat Club within the one-year statute of limitations set forth in Section 10/8-101 of the Illinois Tort Immunity Act and

therefore, Plaintiffs claims are time-barred as to Defendants Kat Klub and Kathi J. Noone, John Doe, and other unknown owners of Kat Klub a/k/a Kat Club.

## CONCLUSION

**WHEREFORE**, Defendants City of Chicago and Bruce Ford respectfully request this Honorable Court enter an Order:

- A. dismissing the plaintiffs' state law false arrest claims set forth in counts of their Complaint with prejudice;

- B. dismissing the plaintiffs' state law malicious prosecution claims set forth in counts of their Complaint with prejudice;

- C. dismissing the plaintiffs' state law battery and assault claims set forth in counts of their Complaint with prejudice;

- D. dismissing the plaintiffs' state law Dram Shop claims set forth in counts of their Complaint with prejudice.

Dated: June 6, 2008

Respectfully submitted,

/S/ *Mary McDonald*
Mary McDonald
Assistant Corporation Counsel
*Attorney for Officer Ford and City of Chicago*

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602