UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE AGUIRRE and FABIOLA GUERRERO, | ) ) ) | |
| v. | ) ) | No. 07 C 6915 Judge Coar |
| BRUCE FORD, HECTOR ZAMUDIO, CITY OF CHICAGO, et. al., | ) ) | Magistrate Judge Nolan |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

NOW COMES the Plaintiffs, JOSE AGUIRRE and FABIOLA GUERRERO, by their attorneys, JERRY BISCHOFF and JOSEPH G. HOWARD, and submits the following Response to Defendant CITY OF CHICAGO and BRUCE FORD's Motion to Dismiss the Complaint.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well pleaded facts and allegations in the complaint. Thompson v. Illinois Dep't of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002). A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. Healthcare Compare Corp. Sec. Litig. v. Healthcare Compare Corp., 75 F.3d 276, 279 (7th Cir. 1996). A motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6),* should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 80, 78 S. Ct. 99 (1957; Ellsworth v. City of Racine, 774 F.2d 182 (7th Cir. 1985). All well pleaded allegations of the complaint are taken as true including reasonable inferences therefrom, and they are viewed in the light most favorable to the plaintiff.

## ARGUMENT

**A.**

Defendants' contend that Count III of Plaintiff's Complaint alleging Malicious Prosecution against defendants CITY of CHICAGO and BRUCE FORD is time-barred under Section 10/8-101 of the Illinois Tort Immunity Act. Plaintiffs disagree.

It is well settled under Illinois Law that "a cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." Fergusen v. City of Chicago, 213 Ill.2d 94, 820 N.E.2d 455, 459 (2004); Foryoh v. Hannah-Porter, 428 F. Supp. 2d 816, 824 (N.D. Ill. 2006); Haynes v. City of Chicago, Slip Opinion, 2008 WL 1927891 (N.D. Ill. 2008).

In Plaintiffs' Complaint it was specifically alleged that, "On or about May 11, 2007, after a bench trial before the Honorable Michael Toomin, AGUIRRE was found not guilty." Plaintiff's filed their Complaint alleging Malicious Prosecution on December 7, 2007, approximately seven (7) months after the statute of limitations commenced and well within the one year limitation. Defendants' appear to acknowledge on page 4 of their Motion to Dismiss that the criminal proceeding was terminated on May 11, 2007 and that the complaint was filed on December 7, 2007.

WHEREFORE, based on the foregoing the plaintiffs request that this Honorable Court deny defendants' Motion to Dismiss as to Count III of Plaintiffs' Complaint.

**B.**

Defendants have argued that Plaintiffs' false arrest claims (Count II) and assault and battery claims (Counts IV & V) are time barred under Section 10/8-101 of the Illinois Tort Immunity Act. Plaintiffs do not dispute these contentions. However, plaintiffs object to defendants' argument pertaining to Count VI of the complaint based on standing. Plaintiffs' complaint does not direct any

allegations whatsoever at these defendants in Count VI.

WHEREFORE, the plaintiffs request that this Honorable Court deny defendants' Motion to Dismiss as to Count VI of Plaintiffs' Complaint.

    Respectfully submitted,

    /s/ Jerry Bischoff

    _____
    Jerry Bischoff, One of the Attorneys
    For the plaintiffs

Jerry Bischoff
Attorney at Law
35 E. Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 853-2167

Joseph G. Howard
Law Offices of Joseph G. Howard, PC
217 N. Jefferson Street
Suite 602
Chicago, Illinois 60661
(312) 831-1200