UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
7-9-2008
JUL - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JOSE AGUIRRE and FABIOLA GUERRERO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRUCE FORD, HECTOR ZAMUDIO, THE ) <br> CITY OF CHICAGO, a Municipal Corporation, ) <br> KAT KLUB, an Illinois Corporation, a/k/a ) <br> KAT CLUB and KATHI J. NOONE, JOHN ) <br> DOE and other unknown owners of KAT ) <br> KLUB a/k/a KAT CLUB ) <br> ) <br> Defendant. ) | No. 07 C 6915 <br><br> Judge Coar <br><br> Magistrate Judge Nolan |

### DEFENDANTS KAT KLUB A/K/A KAT CLUB AND KATHI J. NOONE'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S DRAM SHOP CLAIMS AS TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

NOW COME the Defendants, KAT KLUB A/K/A KAT CLUB ("Kat Klub") and KATHI J. NOONE ("Noone"), by and through their attorneys, LAW OFFICES OF EDWARD J. KOZEL, and respectfully moves to dismiss Plaintiff's Dram Shop claim as set forth on Count VI against Defendants Kat Klub and Noone pursuant to Federal Rule of Civil Procedure 12(b)(6) as these claims are time-barred by the applicable statute of limitations. In support if its motion, Defendants state as follows:

1. On December 7, 2007, Plaintiffs' filed a complaint in this Court seeking relief against Defendants Bruce Ford, Hector Zamudio, the City of Chicago, the Kat Klub and Kathi J. Noone. (*See* Pls. Complt., Defendants Exhibit No.1).

2.  Plaintiffs' complaint states that "on December 9, 2005, Plaintiffs Jose Aguirre and Fabiola Guerrero were patrons in the Kat Klub tavern, located at 6920 North Avenue in Chicago, Cook County, Illinois." (See Complt., ¶ 11).

3.  Count VI of Plaintiff's complaint alleges a Dram Shop claim against Defendants Noone and Kat Klub.

4.  Under the Illinois Dram Shop Act, actions are time barred unless commenced within one-year after the cause of action accrued. 235 ILCS 5/6-21 (West 2008).

5.  Although the statute of limitations is an affirmative defense, dismissal pursuant to Rule 12(b)(6) is proper where a valid affirmative defense plainly obviates the need for litigation. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

6.  The incident that is the subject of the Plaintiffs' complaint occurred on December 9, 2005. Plaintiffs did not file this cause of action until December 7, 2007.

7.  Since Plaintiffs did not file the instant cause of action until two (2) years after the alleged incident, Plaintiffs' claims against the Defendants Kat Klub and Noone are time-barred by the applicable one-year statute of limitations set forth in 235 ILCS 5/6-21 and should be dismissed with prejudice.

WHEREFORE, Defendants, KAT KLUB A/K/A KAT CLUB and KATHI J. NOONE respectfully request this Honorable Court enter an Order:

A. Dismissing the Dram Shop claims set forth in Count VI of Plaintiff's complaint with prejudice.

Dated: June 30, 2008

                              LAW OFFICES OF EDWARD J. KOZEL

                     By:   */s/ Jennifer M. Scarlett*
                              Jennifer M. Scarlett, Attorney for Defendants
                              Kat Klub a/k/a Kat Club and Kathi J. Noone

LAW OFFICES OF EDWARD J. KOZEL
333 South Wabash Avenue, 25th Floor
Chicago, Illinois 60604
(312) 822-3350
(312) 817-1978 - Fax
Attorney I.D. No. 44310

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE AGUIRRE, and )
FABIOLA GUERRERO, )
              )
    Plaintiffs, )
              )  No. **07C 6915**
v. )
              )  **RECEIVED**
BRUCE FORD, HECTOR ZAMUDIO, )  DEC 0 7 2007
THE CITY OF CHICAGO, a municipal )
Corporation, KAT KLUB, an Illinois Corporation, )  MICHAEL W. DOBBINS
a/k/a KAT CLUB and KATHI J. NOONE, )  CLERK, U.S. DISTRICT COURT
JOHN DOE and other unknown owners of )
KAT KLUB a/k/a KAT CLUB, )  **JUDGE COAR**
              )
    Defendants. )  **MAGISTRATE JUDGE NOLAN**

## COMPLAINT AT LAW

NOW COME, the Plaintiffs, JOSE AGUIRRE and FABIOLA GUERRERO, by and through their attorneys, JERRY BISCHOFF and THE LAW OFFICES OF JOSEPH G. HOWARD, P.C., complaining against the Defendants, BRUCE FORD, HECTOR ZAMUDIO, KAT KLUB, an Illinois Corporation a/k/a KAT CLUB, KATHI J. NOONE, JOHN DOE, and other unknown owners of KAT KLUB a/k/a KAT CLUB, and states as follows:

### JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871; 42 U.S.C. §1983. This court has jurisdiction under 28 U.S.C. §1343(a). The Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under State law, pursuant to 28 U.S.C. §1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. §1381 as the acts complained of arose within the district of this court.

## PARTIES

3. Plaintiff, JOSE AGUIRRE ("AGUIRRE") is a resident of Chicago, Illinois.

4. Plaintiff, FABIOLA GUERRERO ("GUERRERO"), is a resident of Chicago, Illinois.

5. Defendant, BRUCE FORD ("FORD"), is and was at all times relevant to this action an officer of the City of Chicago Police Department and acting under color of state law and is assigned star number 6667.

6. Defendant, HECTOR ZAMUDIO ("ZAMUDIO") is a resident of Chicago, Illinois.

7. KAT KLUB, is a tavern located at 6920 West North Avenue in Cook County, Chicago, Illinois.

8. KATHI J. NOONE, and JOHN DOE, and other unknown owners is and/or are the owner or owners of KAT KLUB, a tavern located at 6920 North Ave., in Chicago, Cook County, Illinois.

9. Pursuant to the Illinois Supreme Court decision Carver v. Sheriff of LaSalle County, Defendant, CITY OF CHICAGO, is a necessary party to this suit.

10. The CITY OF CHICAGO employs Defendant BRUCE FORD.

## FACTUAL BACKGROUND

11. At approximately 11:00 P.M. on December 9, 2005, Plaintiffs, JOSE AGUIRRE and FAVIOLA GUERRERO, were patrons in the KAT KLUB tavern, located at 6920 North Avenue in Chicago, Cook County, Illinois.

12. Defendants, BRUCE FORD and HECTOR ZAMUDIO, were also present at the KAT KLUB at that time.

13. Plaintiff, JOSE AGUIRRE, used the bathroom at the KAT KLUB and while he was inside, someone began pounding on the bathroom door with his fist. AGUIRRE told the individual pounding on the door that he was in the bathroom and would be out in a moment.

2

14. Plaintiff emerged a short time later and was approached by FORD and ZAMUDIO. ZAMUDIO told AGUIRRE that he had to pay for the damage to the door. AGUIRRE told him he did not damage the door but rather, was inside the bathroom.

15. AGUIRRE decided to leave and started to exit the tavern. As he was leaving, FORD told him not to come back unless AGUIRRE paid for the door.

16. AGUIRRE continued out of the tavern but then returned in an effort to explain to ZAMUDIO that he had not damaged the door. AGUIRRE came up to ZAMUDIO, introduced himself and offered to shake hands with ZAMUDIO. ZAMUDIO shoved AGUIRRE in the ribs. AGUIRRE attempted to defend himself from ZAMUDIO's attack.

17. FORD then pulled out his service revolver and began hitting AGUIRRE on the head with the gun.

18. AGUIRRE's companion, GUERRERO, began screaming and begged FORD and ZAMUDIO to stop beating AGUIRRE. FORD and ZAMUDIO momentarily ceased their attack on AGUIRRE, turned to GUERRERO, grabbed her with their hands and threw her against the bar.

19. FORD and ZAMUDIO then grabbed AGUIRRE, and continued to beat him. FORD and ZAMBUDIO then pulled AGUIRRE's jacket over his head, slammed him to the ground and FORD handcuffed AGUIRRE's hands behind his back.

20. After handcuffing AGUIRRE, FORD said to AGUIRRE "today you're going to die," and repeatedly hit him over the head with his gun, knocking AGUIRRE unconscious.

21. AGUIRRE regained consciousness later when the paramedics had arrived.

22. AGUIRRE was taken to the emergency room at West Suburban Medical Center where he was initially diagnosed with a fractured skull and multiple lacerations to his head. GUERRERO was also treated at West Suburban Medical Center for injuries to her back.

23. AGUIRRE was caused to be placed under arrest under false pretenses by Defendant FORD and charged with Aggravated Battery to a Police Officer, Battery, and Criminal Damage to

3

Property. He was later taken to bond court at 2600 South California, and forced to post a bond in order to be released from the Cook County Department of Corrections. He was incarcerated for 20 days in the Cook County Jail at 2650 S. California prior to his release.

24. On or about May 11, 2007, after a bench trial before the Honorable Michael Toomin, AGUIRRE was found not guilty.

## COUNT I
## SECTION 1983 ACTION
(Brought by Plaintiffs AGUIRRE and GUERRERO)

25. On December 9, 2005, Plaintiffs, JOSE AGUIRRE and FABIOLA GERRERO, were beaten and AGUIRRE was caused to be arrested under false pretences by Defendant FORD, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. At the time of the incident, Plaintiffs were not in violation of any penal code of the State of Illinois nor in violation of any law whatsoever.

26. These acts were done maliciously, wilfully and wantonly, intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the plaintiff's rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983.

27. The actions of the officers, described above, deprived the Plaintiff of the following rights under the United States Constitution:

    a. Freedom from unreasonable physical seizure;

    b. Freedom from deprivation of liberty without due process of law;

    c. Freedom from unreasonable search and seizure;

    d. Right to privacy.

28. Defendant FORD subjected the Plaintiff, AGUIRRE, to such deprivations by either malice or reckless disregard of the Plaintiff's rights. As a direct and proximate result of the Arresting

Defendant's acts, Plaintiff, AGUIRRE, has suffered severe and permanent injuries including mental suffering. Plaintiff, AGUIRRE, has been forced to incur legal expenses and was deprived of his physical liberty, his right to bodily security and his right to be secure in his person.

29. At the time of the actions complained of herein, the Arresting Defendant was acting as an officer of the City of Chicago Police Department.

WHEREFORE, Plaintiffs, JOSE AGUIRRE and FABIOLA GUERRERO, request the following relief:

  a. Compensatory damages;

  b. Pain and Suffering;

  c. Punitive damages;

  d. Reasonable attorney's fees and costs; and

  e. Such other and further relief as appears reasonable and just under the circumstances.

### COUNT II
### FALSE ARREST
(Brought by Plaintiff AGUIRRE)

30. This Count invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a).

31. Despite the fact that Plaintiff, AGUIRRE, had committed no crime or broken any law, the Defendant FORD caused AGUIRRE to be arrested without a warrant and without probable cause. Said arrest was in violation of Plaintiff's right to be free from an unreasonable search and seizure under the Fourth Amendment to the United States Constitution and to be free from a deprivation of liberty under the Fourteenth Amendment to the United States Constitution. Defendant FORD thereafter caused the Plaintiff, AGUIRRE, to be imprisoned without probable cause or reason in the Cook County jail for a period of twenty days against his will or consent, all in violation of his

5

constitutional rights described above. As a result, Plaintiff, AGUIRRE, was deprived of his physical liberty, preventing him from attending to his daily activities and deprived of his constitutional rights, all to his damage.

32. At the time the actions complained of herein, Defendant FORD was acting as an officer of the City of Chicago Police Department. FORD caused AGUIRRE to be falsely imprisoned under the laws of the State of Illinois. As a result of said false imprisonment, Plaintiff, AGUIRRE, suffered damages as described herein.

WHEREFORE, the Plaintiff, JOSE AGUIRRE, requests the following relief:

    a. Compensatory damages;

    b. Pain and Suffering

    c. Punitive damages;

    d. Reasonable attorney's fees and costs;

    e. Such other and further relief as appears reasonable and just under the circumstances.

## COUNT III
## MALICIOUS PROSECUTION
(brought by Plaintiff AGUIRRE)

33. This Count invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a).

34. As a result of this incident, Defendant FORD commenced a criminal prosecution against Defendant AGUIRRE. Defendant FORD caused Plaintiff AGUIRRE to be arrested, processed, incarcerated, and put on trial in order to defend himself against false charges.

35. As a result of said trial, Plaintiff was found not guilty.

36. At no time, was there probable cause to either arrest, imprison, or bring the Plaintiff to trial. At all times, Defendant FORD proceeded against Plaintiff maliciously, wilfully and wantonly,

intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the Plaintiff's rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983.

37. At the time of the actions complained of herein, Defendant FORD was acting as an officer of the City of Chicago Police Department. FORD caused AGUIRRE to be subject to a malicious prosecution and violated his rights under the United States Constitution. As a result of said malicious prosecution, Plaintiff, AGUIRRE, suffered damages as described herein.

WHEREFORE, the Plaintiff, JOSE AGUIRRE, requests the following relief:

a. Compensatory damages;

b. Pain and Suffering

c. Punitive damages;

d. Reasonable attorney's fees and costs;

e. Such other and further relief as appears reasonable and just under the circumstances.

### COUNT IV
### ASSAULT AND BATTERY
(Brought by Plaintiff AGUIRRE)

38. This Count invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a).

39. The acts of the FORD and ZAMUDIO in striking the Plaintiff, AGUIRRE, on the head and body with his service revolver both before and after illegally arresting the Plaintiff, AGUIRRE, were done intentionally or with such reckless disregard for their natural consequences as to constitute Assault and Battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff, AGUIRRE, as alleged above.

7

WHEREFORE, the Plaintiff, JOSE AGUIRRE, respectfully requests that this Court grant him the following relief against the Defendants, FORD and ZAMUDIO:

    a. Compensatory damages;

    b. Pain and Suffering;

    c. Punitive damages;

    d. Reasonable attorney's fees and costs; and

    e. Such other relief as appears reasonable and just in the circumstances.

### COUNT V
### ASSAULT AND BATTERY
(Brought by Plaintiff GUERRERO)

40. This Count invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a).

41. The acts of the FORD and ZAMUDIO in grabbing the Plaintiff, GUERRERO, by the arms and thrusting her into the bar were done intentionally or with such reckless disregard for their natural consequences as to constitute Assault and Battery under the laws and constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff, GUERRERO, as alleged above.

WHEREFORE, the Plaintiff, FABIOLA GUERRERO, respectfully requests that this Court grant her the following relief against the Defendants, FORD and ZAMUDIO:

    a. Compensatory damages;

    b. Pain and Suffering;

    c. Punitive damages;

    d. Reasonable attorney's fees and costs; and

    e. Such other relief as appears reasonable and just in the circumstances.

## COUNT VI
## DRAMSHOP
(Brought by Plaintiffs AGUIRRE and GUERRERO)

42. That on or about December 9, 2005, and for sometime prior thereto, the Defendant, KAT KLUB, was a corporation organized and existing under the laws of the State of Illinois.

43. That on the date aforesaid and at all times hereinafter mentioned, the Defendant KAT KLUB, and KATHI J. NOONE, and/or JOHN DOE other unknown owners of KAT KLUB were doing business as KAT KLUB.

44. That on the aforesaid date and all times and places hereinafter mentioned, the Defendant, owned, operated, managed, possessed and controlled a certain tavern or liquor dispensing establishment known as KAT KLUB located at 6920 West North Avenue in Chicago, Illinois.

45. That on the aforesaid date and at all times and places hereinafter mentioned, the Defendant, KAT KLUB, did use and occupied the aforesaid premises for the distribution and sale of alcoholic liquors.

46. That on the aforesaid date and at all times and places hereinafter mentioned, the Defendant by and through its duly authorized agents, servants and/or employees acting within the course and scope of their employment, sold or gave alcoholic liquors to FORD and ZAMUDIO, which they then and there consumed and as a result of which consumption they then and there became intoxicated.

47. That on the aforesaid date the Plaintiffs, AGUIRRE and GUERRERO, were lawfully on the premises of the Defendant as business invitees in the exercise of due care for themselves and the safety of others, at all times conducting themselves in a proper and peaceable manner.

48. That on the date aforesaid and as a direct and proximate result of the intoxication of FORD and ZAMUDIO, and in consequence thereof, at the aforesaid time and place, FORD and

9

ZAMUDIO, without any provocation on the party of the Plaintiff, AGUIRRE, did severely beat and assault Plaintiff, AGUIRRE.

49. That on the date aforesaid and as a direct and proximate result of the intoxication of FORD and ZAMUDIO, and in consequence thereof, at the aforesaid time and place, FORD and ZAMUDIO, without any provocation on the party of the Plaintiff, GUERRERO, did severely strike and assault Plaintiff, GUERRERO.

50. That as a direct and proximate result of the acts heretofore alleged, Plaintiff, AGUIRRE, was injured internally and externally, both temporarily and permanently; as a result of said injuries, Plaintiff, AGUIRRE, suffered and sustained serious wounds and injuries in and about his person, and he will continue to suffer great pain and mental anguish.

51. That as a direct and proximate result of the acts heretofore alleged, Plaintiff, GUERRERO, was injured internally and externally, both temporarily and permanently; as a result of said injuries, Plaintiff, GUERRERO, suffered and sustained serious wounds and injuries in and about his person, and she will continue to suffer great pain and mental anguish.

52. That at all times and places hereinafter mentioned, there was in full force and effect in the State of Illinois a certain statute known as the Dram Shop Act, 235 ILCS 5/6-21, pursuant to which this action is brought.

WHEREFORE, the Plaintiffs, JOSE AGUIRRE and FABIOLA GUERRERO, respectfully request that this Court grant them the following relief:

   a. Compensatory damages;
   b. Pain and Suffering;
   c. Punitive damages;
   d. Reasonable attorney's fees and costs; and
   e. Such other relief as appears reasonable and just in the circumstances.

10

## JURY REQUESTED

53. Plaintiffs respectfully request a jury trial on all matters properly triable thereto.

WHEREFORE, Plaintiffs pray that on final trial, Plaintiffs recover actual and exemplary damages as set forth above; and that Plaintiffs recover attorney's fees, any pre-judgment and post-judgment interest permitted by law at the highest legal rate, costs of court and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

Jerry Bischoff, One of the
Attorneys for the Plaintiffs

Jerry Bischoff
35 E. Wacker Dr. Suite 650
Chicago, IL 60601
(312)853-2167

Law Offices of Joseph G. Howard, P.C.
217 N. Jefferson Street, Suite 602
Chicago, IL 60661
312-831-1200

11