IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE AGUIRRE, and, <br> FABIOLA GUERRERO <br><br> Plaintiffs, <br> v. <br><br> BRUCE FORD, HECTOR ZAMUDIO, <br> THE CITY OF CHICAGO, a municipal <br> Corporation, KAT KLUB, an Illinois Corporation, <br> a/k/a KAT KAT CLUB AND KATHI J. NOONE, <br> JOHN DOE and other unknown owners of <br> KAT KLUB a/k/a KAT CLUB, <br> Defendants, | No. 07 C 6915 <br><br> Judge Coar <br><br> Magistrate Judge Nolan |

**DEFENDANTS' REPLY IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS COUNTS II -V OF PLAINTIFFS' COMPLAINT**

Defendants, City of Chicago and Police Officer, Bruce Ford ("Defendants"), by and through his attorney, Mary McDonald, Assistant Corporation Counsel of the City of Chicago Department of Law, hereby replies in support of their motion to dismiss Plaintiffs' state law claims set forth in Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6):

**STANDARD OF REVIEW**

Under Rule 12(b)(6), a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984)). On a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint, drawing all reasonable inferences in the non-movant's favor. *Vorhees v. Naper Aero Club*, *Inc*. et al., 272 F.3d 398, 401 (7th Cir. 2001).

The federal notice pleading standard requires only that "a complaint state the plaintiff's legal claim, … together with some indication … of time and place." *Thompson v Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002); *Kyle*, 144 F. 3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id*., and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins v. Silverstein*, et al., 939 F.2d 463, 466 (7th Cir. 1991).

## INTRODUCTION

On December 7, 2007, Plaintiffs filed a Complaint in this Court seeking relief against the City of Chicago and Defendant Officer. (*See* Complt., D.E. No. 1). On June 6, 2008, Defendants moved to dismiss the state law claims set forth in Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) as time-barred by the applicable statute of limitations. On July 8, 2008, Plaintiffs responded to Defendants' motion conceding that their false arrest claims (Count II) and assault and battery claims (Counts IV & V) were time-barred under the Illinois Tort Immunity Act §10/8-101. However, Plaintiff Aguirre argues that his state law malicious prosecution claim has not tolled. As to this claim, Defendants agree that Plaintiff Aguirre's criminal proceeding was terminated in his favor on May 11, 2007 and therefore, his malicious prosecution claim is not-time barred. Nevertheless, the existence of probable cause for arrest bars

Plaintiff Aguirre's malicious prosecution claim against Defendant Officer. Therefore, this Honorable court should grant Defendants' motion to dismiss with prejudice.

## DISCUSSION

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM IS BARRED BECAUSE DEFENDANT OFFICER HAD PROBABLE CAUSE TO ARREST PLAINTIFF.

To properly state a malicious prosecution claim, Plaintiff must allege: "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir.1996) (citing *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir.1995)). Thus, "a finding of probable cause is an absolute bar to … a [malicious prosecution] claim." *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007) (citations omitted).

Here, Plaintiff fails to set forth an essential element of his malicious prosecution claim. On December 16, 2005, Judge Winiecki held that Defendant Officer had probable cause to arrest Plaintiff for aggravated battery to a peace officer/employee/governmental and resisting and obstructing a police officer. (*See* Exhibit Preliminary Hearing Ex. A, Transcript of Circuit Court of Cook County, criminal case number 05-150654, dated May 15, 2008, pp. 15-16, ln. 24-1.) This court is permitted to take judicial notice of matters of public record on a Rule 12(b)(6) motion to dismiss without converting it to one for summary judgment. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cit. 1996) (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Furthermore, in *Opaka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996), the Seventh Circuit recognized proceedings from other courts where those proceedings "have a direct relation to matters

3

at issue." (collecting cases). *See also Henson v. CSC Credit Servs*. 29 F.3d 280, 284 (7th Cir. 1994) (holding that court documents from state court proceedings can be judicially noticed and considered on a Rule 12(b)(6) motion to dismiss). Defendant Officer submits that this court take judicial notice of the Circuit Court of Cook County report of proceedings issued in *People v. Aguirre*, No. 05-150654. Plaintiff has failed to establish that Defendant Officer lacked probable cause at the time of the arrest. Therefore, Plaintiff Aguirre cannot maintain an action for malicious prosecution against Defendant Officer.

## CONCLUSION

**WHEREFORE**, Defendants respectfully requests this Honorable Court take judicial notice of Judge Winiecki's finding of probable cause and enter an Order:

A. dismissing the plaintiffs' state law false arrest claims set forth in counts of their Complaint with prejudice;

B. dismissing the plaintiffs' state law malicious prosecution claims set forth in counts of their Complaint with prejudice;

C. dismissing the plaintiffs' state law battery and assault claims set forth in counts of their Complaint with prejudice;

D. dismissing the plaintiffs' state law Dram Shop claims set forth in counts of their Complaint with prejudice.

Respectfully submitted,

/S/ *Mary McDonald*
Mary McDonald
Assistant Corporation Counsel
*Attorney for Defendants City of Chicago and Bruce Ford*

City of Chicago Department of Law
Individual Defense Litigation Division
30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602

Case 1:07-cv-06915 Document 38 Filed 07/16/2008 Page 5 of 5

5