UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE AGUIRRE, and | ) | |
| FABIOLA GUERRERO, | ) | |
| | ) | 07 C 6915 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| BRUCE FORD, HECTOR ZAMUDIO, | ) | |
| THE CITY OF CHICAGO, a municipal | ) | Judge Coar |
| Corporation, KAT KLUB, an Illinois | ) | |
| Corporation, a/k/a KAT CLUB and | ) | Magistrate Judge Nolan |
| KATHI J. NOONE, JOHN DOE and | ) | |
| other unknown owners of | ) | Jury Trial Demanded |
| KAT KLUB a/k/a KAT CLUB, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Officer Bruce Ford (referred to herein as "Defendant Officer"), by one of his attorneys, Mary S. McDonald, Assistant Corporation Counsel and Defendant City of Chicago, (referred to herein as "City")[1], by its attorney, Mara S. Georges, Corporation Counsel, submit the following answer to plaintiffs' complaint, affirmative defenses, 12(b)(6) defenses and jury demand:

**JURISDICTION AND VENUE**

1.   This action arises under the United States Constitution and the Civil Rights Act of 1871; 42 U.S.C. §1983.  This court has jurisdiction under 28 U.S.C. §1343(a).  The Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under State law, pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendants admit the allegations of this paragraph but deny any wrongdoing.

2.   Venue is founded in this judicial court upon 28 U.S.C. §1381 as the acts complained of arose within the district of this court.

**ANSWER:** Defendants admit the allegations of this paragraph but deny any wrongdoing.

---

[1]Defendant Officer and the City are also referred herein collectively as "Defendants."

## PARTIES

3.  Plaintiff, JOSE AGUIRRE ("AGUIRRE") is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

4.  Plaintiff, FABIOLA GUERRERO ("GUERRERO"), is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

5.  Defendant, BRUCE FORD ("FORD"), is and was at all times relevant to this action an officer of the City of Chicago Police Department and acting under color of state law and is assigned star number 6667.

**ANSWER:** Defendants admit the allegations of this paragraph but deny any wrongdoing.

6.  Defendant, HECTOR ZAMUDIO ("ZAMUDIO") is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

7.  KAT KLUB, is a tavern located at 6920 West North Avenue in Cook County, Chicago, Illinois.

**ANSWER:** Defendant admit the allegations of this paragraph.

8.  KATHI J. NOONE, and JOHN DOE, and other unknown owners is and/or are the owner or owners of KAT KLUB, a tavern located at 6920 North Ave., in Chicago, Cook County, Illinois.

**ANSWER:** Upon information and belief, Defendants admit that Kathi J. Noone is the owner of the Kat Klub, a tavern located at 6920 North Ave. in Chicago, Cook County, Illinois. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

9.  Pursuant to the Illinois Supreme Court decision Carver v. Sheriff of LaSalle County, Defendant, CITY OF CHICAGO, is a necessary party to this suit.

**ANSWER:** Defendants deny the allegations of this paragraph.

10. The CITY OF CHICAGO employs Defendant BRUCE FORD.

**ANSWER:** Defendants admit the allegations of this paragraph.

## FACTUAL BACKGROUND

11. At approximately 11:00 P.M. on December 9, 2005, Plaintiffs, JOSE AGUIRRE and FABIOLA GUERRERO, were patrons in the KAT KLUB tavern, located at 6920 North Avenue in Chicago, Cook County, Illinois.

**ANSWER:** Defendants admit the allegations of this paragraph.

12. Defendants, BRUCE FORD and HECTOR ZAMUDIO, were also present at the KAT KLUB at that time.

**ANSWER:** Defendants admit the allegations of this paragraph.

13. Plaintiff, JOSE AGUIRRE, used the bathroom at the KAT KLUB and while he was inside, someone began pounding on the bathroom door with his fist. AGUIRRE told the individual pounding on the door that he was in the bathroom and would be out in a moment.

**ANSWER:** Defendants deny the allegations of this paragraph.

14. Plaintiff [sic] emerged a short time later and was approached by FORD and ZAMUDIO. ZAMUDIO told AGUIRRE that he had to pay for the damage to the door. AGUIRRE told him he did not damage the door but rather, was inside the bathroom.

**ANSWER:** Defendants deny that Plaintiff Aguirre emerged a short time later and was approached by Ford and Zamudio. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

15. AGUIRRE decided to leave and started to exit the tavern. As he was leaving, FORD told him not to come back unless AGUIRRE paid for the door.

**ANSWER:** Defendants deny the allegations of this paragraph.

16. AGUIRRE continued out of the tavern but then returned in an effort to explain to ZAMUDIO that he had not damaged the door. AGUIRRE came up to ZAMUDIO, introduced himself and offered to shake hands with ZAMUDIO. ZAMUDIO shoved AGUIRRE in the ribs. AGUIRRE attempted to defend himself from ZAMUDIO's attack.

**ANSWER:**   Defendants deny the allegations of this paragraph.

17.   FORD then pulled out his service revolver and began hitting AGUIRRE on the head with the gun.

**ANSWER:**   Defendants deny the allegations of this paragraph.

18.   AGUIRRE's companion, GUERRERO, began screaming and begged FORD and ZAMUDIO to stop beating AGUIRRE. FORD and ZAMUDIO momentarily ceased their attack on AGUIRRE, turned to GUERRERO, grabbed her with their hands and threw her against the bar.

**ANSWER:**   Defendants deny the allegations of this paragraph.

19.   FORD and ZAMUDIO then grabbed AGUIRRE, and continued to beat him. FORD and ZAMBUDIO then pulled AGUIRRE's jacket over his head, slammed him to the ground and FORD handcuffed AGUIRRE's hands behind his back.

**ANSWER:**   Defendants admit that Plaintiff was handcuffed but deny the remaining allegations of this paragraph.

20.   After handcuffing AGUIRRE, FORD said to AGUIRRE "today you're going to die," and repeatedly hit him over the head with his gun, knocking AGUIRRE unconscious.

**ANSWER:**   Defendants deny the allegations of this paragraph.

21.   AGUIRRE regained consciousness later when the paramedics had arrived.

**ANSWER:**   Defendants deny the allegations of this paragraph and deny the allegations as alleged.

22.   AGUIRRE was taken to the emergency room at West Suburban Medical Center where he was initially diagnosed with a fractured skull and multiple lacerations to his head. GUERRERO was also treated at West Suburban Medical Center for injuries to her back.

**ANSWER:**   Upon information and belief, Defendants admit that Plaintiff Aguirre was taken to the emergency room at West Suburban Medical Center. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

23.   AGUIRRE was caused to be placed under arrest under false pretenses by Defendant

FORD and charged with Aggravated Battery to a Police Officer, Battery, and Criminal Damage to Property. He was later taken to bond court at 2600 South California, and forced to post a bond in order to be released from the Cook County Department of Corrections. He was incarcerated for 20 days in the Cook County Jail at 2650 S. California prior to his release.

**ANSWER:** Defendants deny that Plaintiff was placed under arrest under false pretenses and forced to post a bond. Defendants admit the remaining allegations of this paragraph.

24. On or about May 11, 2007, after a bench trial before the Honorable Michael Toomin, AGUIRRE was found not guilty.

**ANSWER:** Defendants admit the allegations of this paragraph.

## COUNT I
## SECTION 1983 ACTION
(Brought by Plaintiffs AGUIRRE and GUERRERO)

25. On December 9, 2005, Plaintiffs, JOSE AGUIRRE and FABIOLA GERRERO, were beaten and AGUIRRE was caused to be arrested under false pretenses by Defendant FORD, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. At the time of the incident, Plaintiffs were not in violation of any penal code of the State of Illinois nor in violation of any law whatsoever.

**ANSWER:** Defendants reassert their answers to paragraphs 1-24 as though fully set forth herein in Count I. Defendants admit that Plaintiff Aguirre was arrested but deny the remaining allegations of this paragraph.

26. These acts were done maliciously, wilfully and wantonly, intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the plaintiffs rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983.

**ANSWER:** Defendants deny the allegations of this paragraph.

27. The actions of the officers, described above, deprived the Plaintiff of the following rights under the United States Constitution:

    a. Freedom from unreasonable physical seizure;
    b. Freedom from deprivation of liberty without due process of law;
    c. Freedom from unreasonable search and seizure;

    d.    Right to privacy.

**ANSWER:** Defendants deny the allegations of this paragraph, as to themselves.

28. Defendant FORD subjected the Plaintiff, AGUIRRE, to such deprivations by either malice or reckless disregard of the Plaintiffs rights. As a direct and proximate result of the Arresting Defendant's acts, Plaintiff, AGUIRRE, has suffered severe and permanent injuries including mental suffering. Plaintiff, AGUIRRE, has been forced to incur legal expenses and was deprived of his physical liberty, his right to bodily security and his right to be secure in his person.

**ANSWER:** Defendants deny the allegations of this paragraph.

29. At the time of the actions complained of herein, the Arresting Defendant was acting as an officer of the City of Chicago Police Department.

**ANSWER:** Defendants admit the allegations of this paragraph but deny any wrongdoing.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
## MALICIOUS PROSECUTION
### (brought by Plaintiff AGUIRRE)

33. This Count invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Defendants reassert their answers to paragraphs 1-24 as though fully set forth herein in Count III. Defendants admit the allegations of this paragraph but deny any wrongdoing.

34. As a result of this incident, Defendant FORD commenced a criminal prosecution against Defendant AGUIRRE. Defendant FORD caused Plaintiff AGUIRRE to be arrested, processed, incarcerated, and put on trial in order to defend himself against false charges.

**ANSWER:** Defendants admit that Plaintiff Aguirre was arrested, processed, incarcerated and went on trial, but deny the remaining allegations of this paragraph.

35. As a result of said trial, Plaintiff was found not guilty.

**ANSWER:** Defendants admit the allegations of this paragraph.

36. At no time, was there probable cause to either arrest, imprison, or bring the Plaintiff to trial. At all times, Defendant FORD proceeded against Plaintiff maliciously, wilfully and wantonly, intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the Plaintiffs rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983.

**ANSWER:** Defendants deny the allegations of this paragraph.

37. At the time of the actions complained of herein, Defendant FORD was acting as an officer of the City of Chicago Police Department. FORD caused AGUIRRE to be subject to a malicious prosecution and violated his rights under the United States Constitution. As a result of said malicious prosecution, Plaintiff, AGUIRRE, suffered damages as described herein.

**ANSWER:** Defendants admit that Defendant Ford was acting as an officer of the City of Chicago Police Department but deny the remaining allegations of this paragraph.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff Aguirre for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## **AFFIRMATIVE DEFENSES**

1. Defendant Officer Ford is a government official who performs discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendant Ford is entitled to qualified immunity as a matter of law on Plaintiffs' federal claims.

2. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages,

any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate, commensurate with a degree of failure to mitigate attributed to Plaintiffs by the injuries in this case.

3. Where Defendants may be liable in damages, the amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of the Plaintiffs which was the proximate cause of their injuries.

4. Defendant Ford was acting in the execution and enforcement of the law at the time of this incident and his actions were not willful and wanton. Therefore, as to all claims, under Illinois Tort Immunity Act, Defendant Ford is not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2007).

5. Defendants are not liable for any of Plaintiffs' alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2007).

6. Defendants have absolute immunity for any testimony they may have given in Plaintiffs' underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

7. At the time of the events alleged in the Plaintiffs' complaint, Defendant Ford was a public employee serving in a position involving the determination of policy or the exercise of discretion. Defendants are not liable for any of the claims alleged because the decision to arrest

Plaintiff Aguirre was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201.

8. The City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiffs. 745 ILCS 10/2-109.

9. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

10. Under Illinois Tort Immunity law, Defendant Officer is not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of his employment unless he acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2004).

11. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or third party. 745 ILCS 10/2-102 (West 2002).

## 12(b)(6) DEFENSE

1. Plaintiffs' state law claims are time barred and should be dismissed with prejudice. *See* 745 ILCS 10/8-101 and *Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005), *Montgomery v. City of Harvey,* 2007 WL 423279, * 2 (N.D. Ill. November 28, 2007), and *Ferguson v. City of Chicago,* 820 N.E.2d 455, 459 (Ill. 2004).

## JURY DEMAND

Defendants respectfully demand a trial by jury of this case.

                                                  Respectfully submitted,

                                                  *Mary S. McDonald*

                                                  MARY McDONALD

                                                  Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (Fax)
Atty. No. 06199995